```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/7/2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                          :
                                                :
ANTHONY J. PEZZO                                :        Bankruptcy Court
                                                :        Case No. 14-36851 (CGM)
                       Debtor.                  :        (Chapter 11)
------------------------------------------------------------X
V.D.D.K., LLC,                                  :
                                                :
                       Appellant,               :        15-cv-162 (NSR)
         -against-                              :        OPINION AND ORDER
                                                :
ANTHONY J. PEZZO                                :
                                                :
                       Appellee.                :
------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge:

This appeal arises from an order of the United States Bankruptcy Court for the Southern
District of New York (the "Bankruptcy Court") on September 30, 2014, extending the automatic
stay of the underlying bankruptcy proceeding pursuant to 11 U.S.C. § 362(c)(3)(B). Appellant
V.D.D.K. opposed the extension of the automatic stay in the Bankruptcy Court and filed the
instant appeal on January 6, 2015, after the Bankruptcy Court further extended the automatic stay
by order on December 23, 2014. The Court will convert Appellant's appeal to a motion for leave
to appeal. For the following reasons, Appellant's motion is DENIED.

## BACKGROUND[1]

Debtor-Appellee Anthony J. Pezzo owns commercial real estate located in Highland,
New York, consisting of 14 residential apartments and a laundromat. (Appellee's Br. at 2.)

---

[1] The following background facts and procedural history are gleaned from the parties' appellate briefs and do not
appear to be in dispute unless otherwise noted.

1

Appellant holds the first and second mortgages against Appellee's commercial property in the amounts of $972,000 and $144,000, respectively.  (*Id.* at 2-3.)

Appellee first filed for Chapter 13 bankruptcy on June 27, 2012.  (*Id.* at 2.)  His case was dismissed on July 30, 2013 and formally closed on November 7, 2013.  (*Id.* at 17.)  Appellee asserts that a number of personal and medical difficulties occurred during the first case, including the death of his son by suicide and medical issues that resulted in his admission to a nursing home from November 2013 to May 2014.  (*Id.*)  These difficulties rendered him "temporarily unable to properly maintain his finances."  (*Id.*)

On September 10, 2014, Appellee again filed for Chapter 13 bankruptcy and also moved to extend the automatic stay beyond the initial 30 day period pursuant to 11 U.S.C. § 362(c)(3)(B).[2]  (*Id.* at 2-3.)  Over Appellant's objection, the Bankruptcy Court extended the automatic stay to November 26, 2014.  (*Id.* at 3.)  Appellee was also instructed to convert his case to a Chapter 11 filing, which he did on November 21, 2014.  (*Id.* at 2.)  On November 25, 2014, the Bankruptcy Court extended the automatic stay again – this time to January 7, 2015. (*Id.* at 3.)  Appellant appeals from that order.

## LEGAL STANDARD

Appeals from the bankruptcy courts are governed by 28 U.S.C. § 158.  Section 158(a)(1) permits appeals to the district courts of the United States "from final judgments, orders, and decrees" as a matter of right.  28 U.S.C. § 158(a)(1).  Section 158(a)(3) permits appeals of "interlocutory orders and decrees" from the bankruptcy courts "with leave" of the district court. *Id.* at § 158(a)(3).  If the district court does not have jurisdiction under either section, the appeal

---

[2] For a brief explanation of automatic stays in bankruptcy proceedings, *see* Section I, *infra*.

must be dismissed.  *In re Quigley Co., Inc.*, 323 B.R. 70, 73 (S.D.N.Y. 2005) (internal citation omitted).

## DISCUSSION

### I.    The Bankruptcy Court's Order Is Not Final

Section 158(a)(1) permits appeals "from final judgments, orders, and decrees."  28 U.S.C. § 158(a)(1).  "[T]he concept of 'finality' is more flexible in the bankruptcy context than in ordinary civil litigation."  *In re Palm Coast, Matanza Shores Ltd. P'ship*, 101 F.3d 253, 256 (2d Cir. 1996) (citing *In re Prudential Lines,* 59 F.3d 327, 331 (2d Cir. 1995)).  Thus, "[o]rders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case."  *Id.* (quoting *In re Johns-Manville Corp.*, 920 F.2d 121, 126 (2d Cir. 1990)) (internal citations, quotation marks, and emphasis omitted).  In other words, an order is final if "[n]othing in the order of the bankruptcy court . . . indicates any anticipation that the decision will be reconsidered."  *Id.* (citing *In re Johns-Manville Corp.*, 920 F.2d at 127).

This appeal relates to the imposition of an automatic stay in a bankruptcy proceeding.  Generally, after filing a bankruptcy petition, an automatic stay arises pursuant to 11 U.S.C. § 362(a).  In practice, the stay stops creditors from collecting pre-petition debts from the debtor while the debtor attempts to reorganize.  *See In re Abbott*, No. 09-37125, 2010 WL 1780059, at *3 (Bankr. S.D.N.Y. May 4, 2010).  Nevertheless, if the debtor had a bankruptcy case pending within the previous year, the automatic stay will only last for 30 days, as the "case is presumptively filed not in good faith."  11 U.S.C. § 362(c)(3)(C).  "The provision was designed to combat the acts of 'serial filers,' who file petitions to stop foreclosure, without reasonable prospects of financial rehabilitation."  *In re Abbott*, 2010 WL 1780059, at *4.  The debtor may move to continue the automatic stay by showing "clear and convincing evidence" that the second

bankruptcy filing was made in good faith.  11 U.S.C. § 362(c)(3)(C).  The debtor may show good faith by, among other things, a change in "circumstances that will permit the debtor to obtain a discharge."  *In re Abbott*, 2010 WL 1780059, at *4 (citing 11 U.S.C. § 362(c)(3)).  If the bankruptcy court decides to extend the automatic stay, it may do so "subject to such conditions or limitations as the court may impose."  11 U.S.C. § 362(c)(3)(B).

Turning to the order at issue, Appellant boldly asserts that "there is no doubt that the order [granting the extension of the automatic stay] is a final order."  (Appellant's Reply Br. at 10.)  In support of this contention, Appellant argues that the order does not: (1) contemplate any further proceedings; (2) state that it may be modified in the future, or (3) contemplate the introduction of any further evidence.  (*Id.* at 10-11.)  The record in this case, however, belies Appellant's assertions.

First, the December 23, 2014 order from which Appellant appeals states "that the automatic stay is hereby extended up to and including January 7, 2015."  (Bankr. Docket No. 77.)  The order did not enter a stay for the pendency of the proceedings, but instead only extended the stay for a finite period of time.  Prior to issuing the order, and following the November 25, 2014 hearing that formed the basis of the order, the Bankruptcy Court adjourned the hearing on the automatic stay until January 6, 2015.  (Bankr. Docket Nos. 62-63.)  On January 6, 2015, the Court once again adjourned the hearing and issued a written order extending the stay until February 25, 2015.  (Bankr. Docket Nos. 84, 87.)  The order explicitly noted that the debtor could make further applications to extend the automatic stay during the pendency of the case.  (Bankr. Docket No. 87.)

Moreover, a close reading of the September 30, 2014 transcript in which the Bankruptcy Court initially extended the automatic stay on the record supports the notion that the order was

4

not intended to be a final order.  Although Appellant argues that the Bankruptcy Court's ruling on the stay consisted solely of the statement, "I will extend the automatic stay" without qualification, a review of the Court's discussions with counsel immediately before and after the ruling paints a different picture.  (*See generally* Bankr. Docket No. 36.)

Counsel for Appellant opened the September 30, 2014 hearing by stating that his appearance was "in opposition to the motion to extend the stay . . . and in opposition to the cash collateral motion."  (Bankr. Docket No. 36 at 4.)  After hearing Appellee's counsel's arguments concerning Appellee's health and personal circumstances, the Bankruptcy Court explained that "[t]his is an interim order.  Understand this is an interim order.  I'm overruling your objection to this."  (*Id.* at 11.)  Though it is not clear to what objection the Bankruptcy Court was specifically referring, the Court goes on to discuss turning over property to Appellee pursuant to 11 U.S.C. §§ 542 and 543, and concludes with guidance for Appellee concerning his bankruptcy going forward.  Counsel for Appellant then requested a "clear ruling on the automatic stay motion," noting that he thought the Bankruptcy Court was "doing it," but wanted to make sure it was on the record.  (*Id.* at 13.)  The Bankruptcy Court subsequently extended the stay, noted that it wanted Appellee "on a short leash," and stated that there had been a change in circumstances concerning Appellee's health problems.[3]  (*Id.* at 13-14.)  The Bankruptcy Court also made clear that it wanted to set up another conference before January 13, 2015.  *Id.*  Following the hearing, an entry was made on the docket extending the automatic stay up to and including November 26, 2014 and adjourning the hearing to November 25, 2014.  (Bankr. Docket No. 27.)  The docket entry also included what appears to be a request to "submit [an] order" to the Court related to the extension of the stay.  (Bankr. Docket No. 27.)

---

[3] A change in circumstances may be sufficient to warrant the extension of the automatic stay under 11 U.S.C. § 362(c)(3).  *See In re Abbott*, 2010 WL 1780059, at *4.

Based on the foregoing, it simply cannot be said that "[n]othing in the order of the bankruptcy court . . . indicates any anticipation that the decision will be reconsidered." *In re Palm Coast, Matanza Shores Ltd. P'ship*, 101 F.3d at 256 (citing *In re Johns-Manville Corp.*, 920 F.2d at 127). The Bankruptcy Court contemplated an interim order throughout its ruling on the record on September 30, 2014 and did not at any time state that the stay would be imposed for the pendency of the case without further review. The docket entry made the same day memorialized an extension of the stay to November 26, 2014 and an adjournment of the hearing until November 25, 2014.[4] The Bankruptcy Court held another hearing on November 25, 2014 as scheduled, at which time it once again extended the automatic stay until January 7, 2015. In other words, the Bankruptcy Court clearly intended to, and did in fact, reconsider its decision on the automatic stay that was extended on September 30, 2014. Accordingly, the Bankruptcy Court's order was interlocutory and therefore not appealable without leave of this Court.

## II.  The Court Will Not Grant Leave To Appeal

Although the filing of a motion for leave to appeal an interlocutory order is generally required, the Advisory Committee's Notes to Fed. R. Bankr. P. 8003 state "that if a party mistakenly believes the order appealed from is final and files only a notice of appeal, the appeal is not automatically dismissed. The district court . . . has the option[] to direct that a motion be filed, to decide exclusively on the papers already filed to grant leave to appeal, or to deny leave to appeal." Fed. R. Bankr. P. 8003(c) advisory committee's note. Appellant did not move for

---

[4] Section 362(c)(3)(B) permits a bankruptcy court to extend the automatic stay "subject to such conditions or limitations as the court may impose." 11 U.S.C. § 362(c)(3)(B). To the extent Appellant argues that the Bankruptcy Court should have "concluded" its hearing on whether to extend the automatic stay within 30 days of the filing date, (*see*, *e.g.*, Appellant's Reply Br. at 6), and was not permitted to adjourn the hearing to a later date, Appellant cites no persuasive or controlling authority for that proposition. A plain reading of § 362(c)(3)(B) permits the imposition of conditions or limitations on the extension of the stay, and the Court is not aware of any reason why the Bankruptcy Court, following a hearing on the motion as required by statute, could not permissibly extend the stay to a date certain and schedule another hearing at a later date, at which time it could revisit its decision.

leave to appeal.  The Court will nevertheless treat the papers already submitted as Appellant's motion for leave to appeal.  Fed. R. Bankr. P. 8003(c).

Leave to appeal interlocutory orders should be granted "only if the order '(1) involves a controlling question of law (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation.'"  *In re Quigley Co., Inc.*, 323 B.R. at 77 (citing *In re Enron Corp.*, 316 B.R. 767, 771-72 (S.D.N.Y. 2004)).  "Each of these three factors must be present."  *In re Enron Corp.*, 316 B.R. at 772.  The appellant must also show "exceptional circumstances" in order "to overcome the general aversion to piecemeal litigation . . . and to show that the circumstances warrant a departure from the basic policy of postponing appellate review until after entry of a final judgment."  *In re Worldcom, Inc.*, No. M-47 (HB), 2003 WL 21498904, at *10 (S.D.N.Y. June 30, 2003) (internal citations and quotation marks omitted).

Turning to the first prong, a "'controlling question of law' is one in which either '(1) reversal of the bankruptcy court's order would terminate the action, or (2) determination of the issue on appeal would materially affect the outcome of the litigation.'"  *In re China Med. Technologies, Inc.*, No. 12-13736, 2013 WL 6667789, at *10 (S.D.N.Y. Dec. 17, 2013) (quoting *In re Futter Lumber Corp.*, 473 B.R. 20, 27 (E.D.N.Y. 2012)).  "[T]he 'question of law' must refer to a 'pure' question of law that the reviewing court 'could decide quickly and cleanly without having to study the record,'" *In re Worldcom, Inc.*, 2003 WL 21498904, at *10, and "must be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law."  *In re China Med. Technologies, Inc.*, 2013 WL 6667789, at *10 (citing *In re Fosamax Prods. Liab. Litig.*, 2011 WL 2566074, at *4 (S.D.N.Y. June 29, 2011)).  Put simply,

"interlocutory appeal is not appropriate where a legal issue is essentially fact based in nature."
*Id.* (citing *In re Futter Lumber Corp.*, 473 B.R. at 27).

Although Appellant asserts in his reply papers that the "controlling question of law
pertains to Appellee's contention that the Bankruptcy Court may exercise power pursuant to 11
U.S.C. § 105[5] that contravenes Section 362(c)(2)(B)," (Appellant's Reply Br. at 12), Appellant's
initial brief on appeal summarizes his argument more succinctly – the Bankruptcy Court's ruling
"to extend the stay beyond the initial thirty (30) days was wrong [because] [t]he Debtor did not
establish by clear and convincing evidence that his second bankruptcy case was filed in good
faith." (Appellant's Br. at 17.) Specifically, Appellant describes an "implicit legal ruling,"
purportedly devoid of any findings of fact, that raises the following legal question for appellate
review – whether "a Debtor who contends he had health issues affecting his ability to reorganize
is entitled to an extension of the stay in a serial, bad faith second bankruptcy case even if
mathematically, there is no support for his application and the health issues to which the Debtor
refers, occurred and were addressed in his first bankruptcy case, or occurred after his first
bankruptcy case was substantively concluded." (Appellant's Br. at 18.) This question is one
clearly grounded in facts highly specific to this matter, far removed from the "level of
abstraction" necessary to "give it general relevance to other cases in the same area of law." *In re
China Med. Technologies, Inc.*, 2013 WL 6667789, at *10 (citing *In re Fosamax Prods. Liab.
Litig.*, 2011 WL 2566074, at *4). Appellant's briefs essentially ask this Court to substitute its
own findings of fact for those of the Bankruptcy Court, in an effort to overturn the Bankruptcy
Court's ruling that Appellee's change in circumstances concerning his health was clear and

---

[5] Section 105 provides the bankruptcy courts with the power to "issue any order, process, or judgment that is
necessary or appropriate to carry out the provisions of" the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

convincing evidence that the bankruptcy petition was filed in good faith.[6] Such a request is plainly inappropriate on an interlocutory appeal.

Appellant's failure to meet the first factor of the test requires denial of his motion for leave to appeal the Bankruptcy Court's interlocutory order.

## CONCLUSION

For the foregoing reasons, Appellant's motion for leave to appeal is DENIED. The Clerk of the Court is respectfully directed to terminate the motion at Docket No. 29[7] and close the case.

Dated: October 7th, 2015
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge

---

[6] Even if the Court were to consider the underlying decision on the merits, a review of the overall record makes clear that the Bankruptcy Court heard arguments concerning Appellee's personal and financial circumstances and concluded that "there has been a change in circumstances. He has health problems. He's now out. He's now working." A change in circumstances is sufficient to extend the automatic stay under 11 U.S.C. § 362(c)(3). *See In re Abbott*, 2010 WL 1780059, at *4. Moreover, factual findings are reviewed for clear error on appeal, *In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 988 (2d Cir. 1990) (citing *In re Manville Forest Prods. Corp.*, 896 F.2d 1384, 1388 (2d Cir. 1990); *Brown v. Pennsylvania State Employees Credit Union*, 851 F.2d 81, 84 (3d Cir. 1988)), and following a review of the record, the Court finds none.

[7] Appellant's motion for a stay pending appeal is moot in light of this Opinion and Order.